# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JUAN LUIS MARTINEZ HERNANDEZ,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:25-cv-01772-SAB-HC

ORDER REGARDING RESPONDENTS'
LATE RESPONSE TO THE PETITION

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 10, 12, 13.)

Petitioner has been detained in Department of Homeland Security ("DHS") custody since March 11, 2025. (ECF No. 1 at 5.[1]) On December 8, 2025, Petitioner filed a petition for writ of habeas corpus challenging his prolonged immigration detention without a bond hearing before a neutral decisionmaker. (ECF No. 1.) On December 12, 2025, the Court ordered Respondents to file a response to the petition within sixty days, i.e., by February 10, 2026. (ECF No. 6.) Respondents filed a late response one week later on February 17, 2026. (ECF No. 14.) On February 18, 2026, the Court issued an order granting the petition without addressing Respondents' late response. (ECF No. 15.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

In the order granting habeas relief, the Court stated that "given that Petitioner has not received any bond hearing for eleven months, it appears that Respondents may be detaining Petitioner under the mandatory detention provisions of 8 U.S.C. §§ 1225(b) or 1226(c)." (ECF No. 15 at 6.) Based on the response,[2] it appears that Petitioner is being subjected to Respondents' "policy requir[ing] ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)" and "subject to mandatory detention." Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). "District courts around the country have rejected the government's position that section 1225(b)(2) permits it to pursue mandatory detention against noncitizens who have not been lawfully admitted but have been present in the country for years." Valencia Zapata v. Kaiser, 801 F. Supp. 3d 919, 936 (N.D. Cal. 2025) (citing Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases)). "Here in the Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission.'" Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *2 (E.D. Cal. Nov. 17, 2025) (collecting cases). In Maldonado Bautista, the United States District Court for the Central District of California found that "the DHS policy is unlawful" and vacated the DHS Policy under the Administrative Procedure Act ("APA"). 2025 WL 3713987, at *12, 22. Further, the district court subsequently vacated Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA 2025), which "is functionally equivalent to the DHS Interim Policy," as contrary to law under the APA. Order Granting Plaintiff Petitioners' Motion to Enforce Judgment at 16, Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. Feb. 18, 2026), ECF No. 116.

///

---

[2] "Respondents recognize that since July 2025, Immigration Courts have been denying bond hearing eligibility to applicants for admission like Petitioner." (ECF No. 14 at 2 n.1.)

However, the petition did not challenge the statutory authority for Petitioner's detention but rather raised a due process claim challenging Petitioner's prolonged detention without a bond hearing.[3] The Court finds that the arguments raised in Respondents' late response do not change the analysis of the Court's February 18, 2026 order granting habeas relief. See Doe v. Becerra, 697 F. Supp. 3d. 937, 943 (N.D. Cal. 2023) ("the Court's conclusion in this case is based on the length of [Petitioner]'s detention without a hearing, not the statutory basis for his detention").

IT IS SO ORDERED.

Dated:   **February 19, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge

---

[3] If Petitioner wishes to challenge the statutory authority for his detention, Petitioner may file another habeas petition.

3