# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LUIS MARTINEZ HERNANDEZ, | Case No. 1:25-cv-01772-SAB-HC |
| Petitioner, | ORDER DENYING PETITIONER'S AMENDED MOTION TO ENFORCE AND DENYING AS MOOT MOTION TO ENFORCE AND MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al., | |
| Respondents. | (ECF Nos. 18, 29, 30) |

Petitioner, represented by counsel, is an immigration detainee who proceeded with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 10, 12, 13.)

## I.

## BACKGROUND

On December 8, 2025, Petitioner filed a petition for writ of habeas corpus, challenging his prolonged immigration detention on procedural due process grounds. (ECF No. 1.) On February 18, 2026, the Court granted the petition and ordered that within thirty days Petitioner be provided "with an individualized bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011)[.]" (ECF No. 15 at 10.[1])

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On March 16, 2026, an immigration judge ("IJ") held a bond hearing and denied bond. (ECF No. 18 at 9.) On April 6, 2026, Petitioner, proceeding pro se, filed a motion to enforce judgment. (ECF No. 18.) On May 4, 2026, Respondents filed an opposition. (ECF No. 23.) On May 15, 2026, the Court granted the Federal Defender's amicus motion to reconsider appointment of counsel and appointed counsel. (ECF No. 26.)

On April 21, 2026, an IJ ordered Petitioner removed from the United States. (ECF No. 33 at 3–6.) On May 21, 2026, Petitioner attempted to appeal the IJ's order, but the Board of Immigration Appeals ("BIA") rejected his notice of appeal for failing to pay the required fee and gave him fifteen days to cure the defect by paying the fee or submitting a fee waiver. (Id. at 8–9.) On May 28, 2026, the BIA rejected Petitioner's second notice of appeal for the same reason, again giving him another fifteen days to cure the defect. (Id. at 11–12.)

On June 2, 2026, Petitioner filed an amended motion to enforce habeas order. (ECF No. 30.) Additionally, Petitioner filed a motion for temporary restraining order ("TRO") "to preserve this Court's jurisdiction by staying Petitioner's removal from the United States pending resolution of the Amended Motion to Enforce Habeas Order[.]" (ECF No. 29 at 1.) On June 10, 2026, Respondents filed an opposition to the motion for TRO and amended motion to enforce. (ECF No. 32.)

## II.

## DISCUSSION

In the amended motion to enforce, Petitioner asserts:

> The March 15, 2026 bond hearing was a constitutionally deficient proceeding that failed to comply with this Court's order in three critical respects: (1) the IJ shifted the burden of proof onto Petitioner; (2) the government's evidence was legally insufficient to establish either flight risk or danger to the community by clear and convincing evidence; and (3) the IJ failed to conduct a meaningful, individualized assessment, instead relying on stale convictions, dismissed charges, and categorical reasoning.

(ECF No. 30 at 2.)

A "district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief." Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011) (citing Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006) (holding that a federal district court retains

jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case); Phifer v. Warden, U.S. Penitentiary, 53 F.3d 859, 865 (7th Cir. 1995) ("When a habeas petitioner alleges noncompliance with a conditional order, jurisdiction exists for the purpose of determining whether the [government] acted in accordance with the court's mandate."); Hamilton v. Nakai, 453 F.2d 152, 157 (9th Cir. 1972) ("The equitable jurisdiction of a federal court extends to supplemental or ancillary bills brought for the purpose of effectuating a decree of the same court.")).

In Leonardo, a petitioner filed a pro se habeas petition challenging his prolonged detention, the district court ordered the government to provide the petitioner with a bond hearing, an immigration judge ("IJ") held a hearing, concluded that the petitioner posed a danger to the community, and denied bond, and the petitioner filed a motion for review of the bond decision in the habeas case arguing that the hearing failed to satisfy due process or conform to the district court's order. Leonardo, 646 F.3d at 1159. The district court denied relief because the government complied with the court's order by providing a bond hearing before an IJ and the court lacked jurisdiction to consider the due process claims. Id. On appeal, the Ninth Circuit rejected "Leonardo's contention that the district court should have addressed his challenges to the IJ's decision based on the court's authority to ensure compliance with its earlier habeas order" because the district court "exercised its authority to ensure compliance with its conditional grant of relief and construed Leonardo's legal challenges following the IJ's hearing as raising new arguments not covered by the earlier order" and "was under no obligation to address Leonardo's new arguments under the ambit of ensuring compliance with the earlier order." Leonardo, 646 F.3d at 11561.

Here, in granting the petition, the Court ordered in pertinent part:

Within thirty (30) days of the date of service of this order, Respondents SHALL provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," id. at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's

3

financial circumstances and alternative conditions of release. <u>Hernandez v. Sessions</u>, 872 F.3d 976, 1000 (9th Cir. 2017).

(ECF No. 15 at 10–11.)

Petitioner contends that the "bond hearing record demonstrates that the IJ shifted the burden onto Petitioner," arguing that the IJ's statement "that 'the fact that you were not convicted does not mean that you are innocent'" regarding dismissed domestic violence and animal cruelty charges "effectively requir[ed] Petitioner to prove his innocence rather than requiring the government to prove dangerousness," which "is precisely the burden-shifting that this Court's order prohibits." (ECF No. 29 at 5.)

> Generally, in the absence of any red flags, we take the BIA at its word. For example, "[w]hen nothing in the record or the BIA's decision indicates a failure to consider all the evidence," we will rely on the BIA's statement that it properly assessed the entire record. *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). We do not require the BIA to "discuss each piece of evidence submitted." *Id.* Similarly, we accept that the BIA "applied the correct legal standard" if the BIA "expressly cited and applied [the relevant caselaw] in rendering its decision." *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009). But when there is an indication that something is amiss, like if the BIA "misstat[es] the record" or "fail[s] to mention highly probative or potentially dispositive evidence," we do not credit its use of a "catchall phrase" to the contrary. *Cole*, 659 F.3d at 771-72.

<u>Martinez v. Clark</u>, 124 F.4th 775, 785 (9th Cir. 2024). Here, the bond hearing recording reflects that the IJ stated multiple times during the hearing that the Department of Homeland Security bore the burden by clear and convincing evidence. The IJ's written order also states that "the Department has established by clear and convincing evidence that: [Petitioner] is a danger, AND that he is such a significant flight risk that no combination of release conditions can adequately mitigate that risk." (ECF No. 18 at 9.) Petitioner relies on an alleged statement by the IJ that "the fact that you were not convicted does not mean that you are innocent," citing to "ECF No. 22 at 12–13". (ECF No. 29 at 5.) That citation refers to Petitioner's pro se reply brief in support of the first motion to enforce, but such a statement does not appear in the bond hearing transcript and upon review of the recording of the hearing, the Court did not hear the IJ make such a statement.[2]

---

[2] In the opposition, Respondents state: "At no point during her ruling or anywhere else in the record did the IJ state 'the fact that you were not convicted does not mean that you are innocent' as alleged by Martinez Hernandez." (ECF No. 32 at 7.) Respondents also note that "it appears from audio tape of the hearing" that DHS counsel "did not" "ma[k]e that remark during argument[.]" (<u>Id.</u>)

Accordingly, the Court finds that the IJ applied the proper burden of proof at the bond hearing, and Petitioner is not entitled to relief on this ground.

Additionally, Petitioner argues that "the government's evidence was legally insufficient to establish either flight risk or danger to the community by clear and convincing evidence" and "the IJ failed to conduct a meaningful, individualized assessment, instead relying on stale convictions, dismissed charges, and categorical reasoning." (ECF No. 30 at 2.) However, this Court's order did not "determine the precise scope of the hearing that would be required to conform with due process, other than to note the standard of clear and convincing evidence" and that the IJ should consider Petitioner's financial circumstances and alternative conditions of release in the event Petitioner was determined not to be a danger and not to be so great a flight risk as to require detention without bond. Doe v. Becerra, No. 2:25-cv-00647-DJC-DMC, 2025 WL 1233883, at *2 (E.D. Cal. Apr. 29, 2025). Petitioner's additional arguments "extend well beyond the scope of the original Habeas Petition and this Court's Order." Id. "Petitioner may ultimately be correct that the bond hearing he was afforded did not comport with due process. However, the Court's review here concerns whether the Government complied with the Court's Order and provided Petitioner with a bond hearing." Id. at *3. "As Petitioner was provided with a bond hearing where the IJ stated and seemed to apply the appropriate burden of proof and standard, the Government complied with the Order." Doe, 2025 WL 1233883, at *3. Accordingly, the amended motion to enforce will be denied.

"Petitioner may challenge the adequacy under due process of the hearing and whether the IJ's finding that the Government had met its burden was in error," but "such a challenge is not properly brought as a motion to enforce the Court's prior Order." Doe, 2025 WL 1233883, at *4. Rather, "[s]ubsequent challenges to the sufficiency of the IJ's determination constitute a new and separate basis for relief which must be brought in a habeas proceeding after Petitioner has exhausted his administrative remedies." Id. See Fernandez Vasquez v. Cruz, No. 1:26-cv-00476-DAD-EFB, 2026 WL 252055, at *3 (E.D. Cal. Jan. 30, 2026) (rejecting contention "that the lengthy process of appealing his bond determination to the BIA constitutes irreparable harm that justifies waiving the prudential exhaustion requirement" and observing that "irrespective of the

errors Petitioner assigns to his bond hearing, the fact remains that he received a bond hearing" and thus the case was "readily distinguishable from those involving continued detention without *any* process" (citation omitted)).

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. The amended motion to enforce (ECF No. 30) is DENIED; and

2. The motion to enforce (ECF No. 18) and motion for temporary restraining order (ECF No. 29) are DENIED as moot.

IT IS SO ORDERED.

Dated:   **June 12, 2026**

STANLEY A. BOONE
United States Magistrate Judge

6