# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LUIS MARTINEZ HERNANDEZ,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:25-cv-01772-SAB-HC<br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION, AND DENYING PETITIONER'S REQUEST FOR PRELIMINARY INJUNCTION<br>(ECF No. 35) |

Petitioner, represented by counsel, is an immigration detainee who proceeded with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 10, 12, 13.)

## I.

## BACKGROUND

On December 8, 2025, Petitioner filed a petition for writ of habeas corpus, challenging his prolonged immigration detention on procedural due process grounds. (ECF No. 1.) On February 18, 2026, the Court granted the petition and ordered that within thirty days Petitioner be provided "with an individualized bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011)[.]" (ECF No. 15 at 10.[1])

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On March 16, 2026, an immigration judge ("IJ") held a bond hearing and denied bond. (ECF No. 18 at 9.) On April 6, 2026, Petitioner, proceeding pro se, filed a motion to enforce judgment. (ECF No. 18.) On May 4, 2026, Respondents filed an opposition. (ECF No. 23.) On May 15, 2026, the Court appointed counsel for Petitioner. (ECF No. 26.)

On April 21, 2026, an IJ ordered Petitioner removed from the United States. (ECF No. 33 at 3–6.) On May 21, 2026, Petitioner attempted to appeal the IJ's order, but the Board of Immigration Appeals ("BIA") rejected his notice of appeal for failing to pay the required fee and gave him fifteen days to cure the defect by paying the fee or submitting a fee waiver. (Id. at 8–9.) On May 28, 2026, the BIA rejected Petitioner's second notice of appeal for the same reason, again giving him another fifteen days to cure the defect. (Id. at 11–12.)

On June 2, 2026, Petitioner filed an amended motion to enforce habeas order. (ECF No. 30.) Additionally, Petitioner filed a motion for temporary restraining order ("TRO") "to preserve this Court's jurisdiction by staying Petitioner's removal from the United States pending resolution of the Amended Motion to Enforce Habeas Order[.]" (ECF No. 29 at 1.) On June 10, 2026, Respondents filed an opposition to the motion for TRO and amended motion to enforce. (ECF No. 32.) On June 12, 2026, the Court denied the amended motion to enforce and denied the motion for TRO as moot. (ECF No. 34.)

On June 12, 2026, Petitioner filed a motion for reconsideration. (ECF No. 35.) On June 26, 2026, Respondents filed an opposition, and Petitioner filed a reply on July 3, 2026. (ECF Nos. 37, 38.)

On July 14, 2026, Petitioner filed a motion for TRO to enjoin Petitioner's transfer out of the district, alleging that U.S. Immigration and Customs Enforcement is actively preparing to remove Petitioner, removal may occur within hours or days, and absent immediate intervention, Petitioner faces removal before the time allowed for filing his appeal has expired and before proceedings in this Court have concluded. (ECF No. 39.) On July 15, 2026, the Court granted the motion for TRO, enjoined Respondents from transferring Petitioner outside the district pending further order of the Court, and set a briefing schedule on Petitioner's request for a preliminary injunction. (ECF No. 40.)

On July 20, 2026, Respondents filed an opposition to the request for preliminary injunction, stating:

> Here, without any evidence whatsoever, Martinez Hernandez claims that his removal from the United States is imminent. Martinez Hernandez does not identify the ICE employee(s) who allegedly told him to prepare for deportation, what exactly those individuals said, nor does he provide any additional context as to the time, place, and manner of the claimed statements. To the contrary, according to DHS, it is aware of the BIA's stay and has no removal plans. Martinez Hernandez has until July 22 to perfect the appeal of his removal order. As such, not only are his claims contradicted by DHS personnel, but his claim is simply not ripe for this Court's review and it should vacate its TRO.

(ECF No. 41 at 2–3.) On July 23, 2026, Petitioner filed a reply, stating that after the Court issued the TRO, Respondents transferred Petitioner from California to the immigration detention facility in El Paso, Texas. (ECF No. 42 at 3; ECF No. 42-1 at 3.)

## II.

## DISCUSSION

### A. Motion for Reconsideration

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enters., Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enters., 229 F.3d at 890 (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

Petitioner argues that reconsideration is warranted because the Court ruled before the motions were submitted under Local Rule 230(l) and deprived Petitioner of the opportunity to be heard on his reply brief. (ECF No. 35 at 5.) After the Court's order denying the amended motion to enforce, Petitioner filed a reply brief. (ECF No. 36.) The reply brief largely reiterates the arguments set forth in the amended motion to enforce and having considered the reply brief, the Court finds that the reply brief does not affect the Court's determination that:

///

> "Petitioner may challenge the adequacy under due process of the hearing and whether the IJ's finding that the Government had met its burden was in error," but "such a challenge is not properly brought as a motion to enforce the Court's prior Order." Doe, 2025 WL 1233883, at *4. Rather, "[s]ubsequent challenges to the sufficiency of the IJ's determination constitute a new and separate basis for relief which must be brought in a habeas proceeding after Petitioner has exhausted his administrative remedies." Id. See Fernandez Vasquez v. Cruz, No. 1:26-cv-00476-DAD-EFB, 2026 WL 252055, at *3 (E.D. Cal. Jan. 30, 2026) (rejecting contention "that the lengthy process of appealing his bond determination to the BIA constitutes irreparable harm that justifies waiving the prudential exhaustion requirement" and observing that "irrespective of the errors Petitioner assigns to his bond hearing, the fact remains that he received a bond hearing" and thus the case was "readily distinguishable from those involving continued detention without *any* process" (citation omitted)).

(ECF No. 34 at 5–6.)

Petitioner also argues that newly discovered evidence establishes a timely, diligently prosecuted BIA appeal[2] and bears on the TRO, which was denied as moot rather than on its merits. (ECF No. 35 at 6.) Petitioner moved "this Court for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 231 to preserve this Court's jurisdiction by staying Petitioner's removal from the United States pending resolution of the Amended Motion to Enforce Habeas Order[.]" (ECF No. 29 at 1.) The Court denied the motion for TRO as moot because the Court denied the amended motion to enforce. Petitioner does not explain how newly discovered evidence regarding a BIA appeal bears on "staying Petitioner's removal from the United States *pending resolution of the Amended Motion to Enforce Habeas Order*[.]" (ECF No. 29 at 1 (emphasis added).)

Petitioner further argues that the Court resolved a disputed, dispositive factual question on evidence Petitioner's counsel has never received. (ECF No. 35 at 8.) The motion for reconsideration states: "Petitioner's counsel has never been able to review that [bond hearing] recording. Respondents represented in their opposition that the recording lodged at ECF No. 24 'will be provided to' Petitioner's counsel (ECF No. 32 at 2 n.1), but it has not been provided." (Id.) In the opposition, Respondents state that on June 10, 2026, the U.S. Attorney's Office

[2] The motion for reconsideration states that Petitioner's immigration counsel submitted a corrected filing to the BIA on June 11, 2026. (ECF No. 35 at 7; ECF No. 35-1 at 3; ECF Nos. 35-6, 35-7.) However, it appears that the June 11, 2026 submission did not perfect the appeal because Petitioner's reply brief in support of preliminary injunction states that on July 22, 2026, Petitioner's immigration counsel refiled the notice of appeal with a corrected fee waiver. (ECF No. 42 at 3.)

immigration paralegal forwarded a copy of the audio transcripts to Petitioner's counsel via the email address listed on the California State Bar website, and later that same day, Respondents' counsel provided copies of Respondents' exhibits to Petitioner's counsel via the same email address after realizing they had been inadvertently not attached to its opposition brief. (ECF No. 37 at 1, 4, 8, 12.) On June 26, 2026, Respondents' counsel re-sent the bond hearing audio to counsel's bar association-listed email address and a secondary email address derived from an ECF minute order and received confirming delivery receipts from both email addresses. (ECF No. 37 at 4, 14, 17, 22, 23.) In the reply, Petitioner's counsel does not address this issue and does not provide additional arguments in support of the amended motion to enforce based on the audio recording of the bond hearing.

Based on the foregoing, the Court finds that Petitioner is not entitled to the extraordinary remedy of reconsideration.

**B. Preliminary Injunction**

The Court granted Petitioner's motion for TRO pursuant to the Court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966). (ECF No. 40 at 1.) In light of the Court's conclusion that reconsideration is not warranted and Petitioner is not entitled to relief on his amended motion to enforce, the proceedings in this Court will be concluded. Accordingly, as it is no longer necessary for the Court to protect its jurisdiction, Petitioner's request for preliminary injunction will be denied and the TRO entered on July 15, 2026 is no longer in effect. In the interests of finality and conservation of judicial resources, the Court declines to prolong these proceedings by ordering Petitioner's transfer back to this district or issuing an order to show cause as requested by Petitioner.

///

///

///

///

///

**III.**

**ORDER**

Based on the foregoing, the Court HEREBY ORDERS that:

1. Petitioner's motion for reconsideration (ECF No. 35) is DENIED;
2. Petitioner's request for preliminary injunction is DENIED; and
3. The July 15, 2026 temporary restraining order is no longer in effect.

IT IS SO ORDERED.

Dated: **July 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge